GERTRUDE PHILLIPS, *et vir*, v. CITY OF BRADENTON, *et al.*

187 So. 258.
Division A.
Opinion Filed March 7, 1939.

*Alvan B. Rowe,* for Appellants;
*Hubert Blakey* and *Blakey & Daniel,* for Appellees.

PER CURIAM.—The appeal brings for review final decree, as follows:

"This cause, having come up for final hearing and the

court being fully advised in the premises, it is hereby Found, Ordered, Adjudged and Decreed as Follows:

"1. That the original petition in this cause was filed in this Court on the 17th day of November, 1938; that a copy of the petition herein and a copy of the order to show cause heretofore issued by this Court was served upon the State Attorney in the Twelfth Judicial Circuit of Florida more than eighteen days before the hearing fixed in and by said order; that the Clerk of this Court has duly issued and caused to be published in a newspaper printed in the City of Bradenton, Florida, a notice directed to the taxpayers and citizens of the said City of Bradenton, requiring them, at the time and place specified in the aforesaid order, to show cause, if any they have, why the revenue certificates described in the petition should not be validated and confirmed; that proof of publication of said notice has been filed in this Court; that no petition for intervention, answer or objection of any kind filed herein by the State Attorney for the Twelfth Judicial Circuit of the State of Florida and save and except the answer and amendments thereto filed by Gertrude Phillips, joined by her husband, Claude Phillips, and this cause having been adjourned from December 16, 1938, to 2:30 P. M. December 17, 1938, at which time attorneys for both the petitioner and the defendant, Gertrude Phillips, joined by her husband, Claude Phillips, introduced testimony before the Court, but testimony was not completed and the hearing was adjourned by the Court until 9:00 A. M. December 21, 1938, at which time the taking of testimony was resumed; and both parties having announced that they had no further testimony to offer, it was found by the Court from the testimony introduced by the respective parties that petitioner has filed its deed to the proposed dam site and further that no flooding of lowlands will occur by reason of the construction of said dam other

than of lands that are flooded at the present time during wet weather, and the Court further finding that the proposed improvement is an extension of the present City waterworks and not a new plant; that the payment of the revenue certificates are enforceable out of and only out of the net revenues from the City water plant as improved, and do not amount to a bond or general obligation of the City of Bradenton, and consequently do not require approval of the voters who are freeholders of the City of Bradenton; that the said State Attorney has filed on behalf of the State of Florida its answer to the petition herein; and that such answer does not show any valid reason why the petition should not be granted; and that this Court has jurisdiction of this cause and of the parties hereto and that petitioner has sustained the allegations of its petition.

"II.   That under and by virtue of Chapter 9692 Laws of Florida, Acts of 1923, and other laws amendatory and supplemental thereto, and the Constitution and general laws of the State of Florida, the City of Bradenton, a municipality in the County of Manatee, State of Florida, Petitioner herein, was and is authorized and empowered to construct, own, operate and maintain a waterworks system, to furnish the facilities of said waterworks system to the consumers thereof and to fix and maintain rates and collect charges for such service and facilities; and that said City now owns, operates and maintains a waterworks system, from the operation of which system it derives substantial annual net revenues that have not been pledged, either in whole or in part, to the payment of any outstanding bonds or other obligations of said city.

"III.   That said City of Bradenton now owns and operates said waterworks system in its proprietary capacity, and that the estimated revenues from said waterworks sys-

tem in each fiscal year, after the construction of the contemplated extensions and improvements, is in excess of the cost of operation, maintenance and repairs of said system as improved and the amount to become due in each year for the principal of and the interest on the revenue certificates now before this Court for validation; that, therefore, said City of Bradenton has the power and authority to construct the extensions and improvements to the said waterworks system described in the petition; and that said City has the further power and authority for the purpose of financing the cost of such extensions and improvements, to issue its negotiable revenue certificates, payable solely out of the net revenues of said waterworks system; and that said City has the power and authority to issue such revenue certificates without the approval of a vote of the freeholders of said City, as is required by Section 6 of Article IX of the Constitution of Florida, as amended, as a condition precedent to the issuance of bonds.

"IV.   That on, to-wit, the 4th day of November, 1938, the City Council of the City of Bradenton did duly and regularly pass and adopt an ordinance declaring it necessary and desirable to construct extensions and improvements to its waterworks system, that such extensions and improvements do consist of a dam and reservoirs, intake pump house and pumps, supply lines, treatment plant, and replacements and repairs of existing facilities, and authorizing and providing for the issuance of Water Revenue Certificates to finance the cost of such extensions and improvements, and that said ordinance is now in full force and effect.

"V.   That the construction of the extensions and improvements to the waterworks system of said City, authorized by the Ordinance adopted on the 4th day of No-

vember, 1938, is necessary and desirable in order to meet the imperative needs and to conserve the health and economic security of said City.

"VI. That all acts, conditions and things required by the Constitution and statutes of the State of Florida and by the ordinances of the City of Bradenton to exist, happen and be performed precedent to and in the issuance of said revenue certificates, do exist, have happened and have been performed in due time, form and manner as required by law; and that all conditions, convenants and agreements set forth in the ordinance authorizing the issuance of said revenue certificates are valid and binding.

"VII. That the equities in this cause are with the Petitioner, and that the prayer of said Petitioner shall be, and the same hereby is, granted; and that the water revenue certificates described in the petition herein, in the aggregate principal amount of $148,000, dated October 1, 1938, in the denomination of $1,000 each, numbered 1 to 148, both inclusive, in order of maturity, bearing interest at the rate of four per centum (4%) per annum, payable semi-annually on April 1 and October 1 in each year, first interest being payable on April 1, 1939, payable as to both principal and interest at Manatee River Bank and Trust Company in the City of Bradenton, Florida, or at the option of the holder, at the Guaranty Trust Company in the Borough of Manhattan, City and State of New York, in such coin or currency as is, on the respective dates of the payment of principal thereof and the interest thereon, legal tender for the payment of public and private debts, registerable as to principal only at the option of the holder, maturing serially on October 1 in years and amounts as follows:

| Year | Amount | Year | Amount | Year | Amount |
|------|--------|------|--------|------|--------|
| 1939 | $4000 | 1948 | $5000 | 1957 | $7000 |
| 1940 | 4000 | 1949 | 6000 | 1958 | 7000 |
| 1941 | 4000 | 1950 | 6000 | 1959 | 7000 |
| 1942 | 4000 | 1951 | 6000 | 1960 | 7000 |
| 1943 | 4000 | 1952 | 6000 | 1961 | 8000 |
| 1944 | 5000 | 1953 | 6000 | 1962 | 8000 |
| 1945 | 5000 | 1954 | 7000 | 1963 | 8000 |
| 1946 | 5000 | 1955 | 7000 | | |
| 1947 | 5000 | 1956 | 7000 | | |

to be signed by the Mayor of the City of Bradenton and sealed with the corporate seal of said City and attested by the City Clerk, and the interest coupons attached thereto to be executed with the facsimile signatures of said Mayor and said City Clerk, be and the same are hereby validated and confirmed; and when said Water Revenue Certificates are issued they shall be legal, valid and binding obligations of the City of Bradenton, Florida, payable as to both principal and interest from and secured by an exclusive first lien upon and pledge of the gross revenues derived from the operation of the City's entire waterworks system, after deduction only of the reasonable cost of operation, maintenance and repairs of said system.

"VIII. That the Clerk of the Court shall endorse upon each of the said 'Water Revenue Certificates the following certificate:

" 'Validated and confirmed by decree of the Circuit Court of the Twelfth Judicial Circuit of Florida, in and for Manatee County, rendered on the 21st day of December, 1938.'

"IN WITNESS WHEREOF, I have hereunto set my hand

and affixed the seal of said Court this .................... day of ................, 1938.

"
................................................................. ..

"Clerk of Circuit Court in and for
Manatee County, Florida.

"DONE, ORDERED, ADJUDGED AND DECREED at Bradenton, in Manatee County, Florida, this the 21st day of December, 1938.

"W. T. HARRISON,
"Judge of the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida."

The decree is amply supported by the record and the legal principles involved have been too often decided in like cases coming before this Court within the past year to require any reiteration here.

We have examined the record and duly considered appellant's contentions as to matters occurring *in pais* and find no reversible error.

The decree is affirmed.

So ordered.

TERRELL, C. J., and BUFORD, and THOMAS, J. J., concur.

CHAPMAN, J., concurs in the opinion and judgment.

WHITFIELD, P. J., and BROWN, J., not participating.